## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DEBORAH A. REDMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 04-661 (JR)** |
| | ) | |
| **PHILIP A. GRAHAM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

After Deborah Redman was evicted from her place of residence in the District of
Columbia, she brought this action *pro se* against her former landlords, the law firm that
represented one of the landlords in the eviction proceeding, and the realtor involved in the sale of
her residence by one landlord to the other.  Ms. Redman's amended complaint cites claims under
the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, the Americans With Disabilities Act ("ADA"),
42 U.S.C. § 12101, *et seq.*, the District of Columbia Human Rights Act, and the District of
Columbia Rental Housing Act.  Schuman and Felts, Chartered (the law firm) and  Long & Foster
Real Estate, Inc., and Lewis Bashoor (the realty firm and the agent involved directly involved in
the sale) move to dismiss.

*Background*

Ms. Redman resided at 40 G Street, SW, Washington, DC from 1996 to September, 2002.
Amended Complaint ("Am. Compl."), ¶3.[1]  Defendant Philip A. Graham was her landlord until
August 8, 2002,  *id.*, ¶4, when defendant Dr. Raymond J. Pitts, Jr., purchased the property and

---

[1] The allegations of the amended complaint are taken as true for purposes of this motion.

became  plaintiff's landlord, *id.*, ¶5.  Long & Foster was the seller's agent in the transaction, *id.*, ¶6;  Schuman and Felts were the seller's attorneys, *id.*, ¶7.

After completing his purchase of Ms. Redman's residence, Dr. Pitts sued in Superior Court for the District of Columbia for personal use and occupancy .  Defts Long & Foster, Bashoor's Mtn to Dismiss, Exhibit A, p. 6.  On September 2, 2002, the court granted possession to Dr. Pitts.  *Id.*, p. 4.  Ms. Redman's numerous appeals from that ruling were unsuccessful.  *Id.*

On October 15, 2002, Ms. Redman filed tenant petitions with the District of Columbia Department of Consumer Affairs, Office of the Rental Administrator, Rental Accommodations and Conversion Division ("RACD"),  *id.*, p. 1, naming as respondents Mr. Graham (the seller), Dr. Pitts (the buyer), and  Long & Foster and Bashoor (the realtors).  *Id.*  In that proceeding, Ms. Redman alleged that the sale to Dr. Pitts was for the specific purpose of achieving her eviction and was "retaliatory," *id.*, p. 2, and that Long & Foster acted in collusion with colluded with the seller and the buyer, *id.*

The hearing examiner ruled Ms. Redman's retaliation and illegal eviction claims could have been but were not pleaded by Ms. Redman in the Superior Court case and were accordingly precluded by the doctrine of *res judicata*, *id.*, p. 5.  Ms. Redman withdrew her appeal of this ruling.   Pl's Opp to Deft Long & Foster & Bashoor's Mtn to Dismiss, p. 2.

In the present action, Ms. Redman alleges that she is severely disabled and relies on an electric scooter for mobility,  Am. Compl.,¶12; that the defendant landlords failed to cure substantial housing code violations that she had brought to their attention, *id.*, ¶13; that the landlords admitted the violations, many of which were life-threatening to a person of plaintiff's limited mobility, *id.*, ¶ 23; that, in retaliation for her complaints,  the defendants filed complaints

against her with the D.C. Rent Administration and sought repeatedly to evict her illegally, *id.*, ¶13; that, by bringing groundless suits against her, Mr. Graham (landlord #1) and Schuman and Felts (the law firm) engaged in malicious prosecution, *id.*, ¶¶27, 28; that even though she obtained stays of eviction process, the defendants repeatedly filed suits in the D.C. courts that were intended to intimidate, threaten and coerce her, *id.*, ¶44; and that defendants discriminated against her because of her disability, *id.*, ¶42.

*Standard of Review*

On a motion to dismiss, I  must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997).  " [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Discussion*

The doctrine of *res judicata* operates as a bar to relitigation of a cause of action that has been reduced to final judgment on the merits in a prior suit involving the same parties or their privies.  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979);  *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946-47 (D.C. Cir. 1983).  The doctrine bars relitigation, not only of matters that were determined in the previous litigation, but also issues

that could have been raised in that action.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980);

*Appalachian Power Co. v. EPA*, 251 F3d 1026, 1033 (D.C. Cir. 2001).  *Res judicata* is the basis

of the rule that a tenant who fails to assert a legal defense in a landlord-tenant proceeding may

not raise it in a subsequent proceeding that involves her eviction.  *Shin v. Portals Confederation

Corp.*, 728 A.2d 615, 619 (D.C. 1999).

      All of the claims in this case involve Ms. Redman's eviction.  She has pleaded the same

facts and named the same parties here as in her  D.C. Superior Court case and her proceeding

before the RACD.   She did not raise her discrimination and Fair Housing Act claims as defenses

in Dr. Pitts' suit for possession,  but she could have.  *See, e.g., Barton v. District of Columbia*,

817 A.2d 834, 841 (D.C. 2003); *Flynn v. 390 Watson Place, Inc.*, 63 F.Supp. 2d 18, 23 (D.D.C.

1998).   We have found no court decisions holding that Ms. Redman's claim of retaliation could

have been interposed as a defense in the possession suit,[2] but Ms. Redman laid that claim before

the hearing examiner and did not pursue an appeal from his decision that it was barred by the

doctrine of *res judicata*.  Plaintiff may not relitigate her claims here.

      Because I find that Ms. Redman's claims against Schuman & Felts, Long & Foster and

Bashoor are precluded by the doctrine of *res judicata*, there is no need to decide whether plaintiff

has stated an otherwise viable cause of action against the law firm that represented the seller and

---

[2] It is assumed for the sake of argument that there is such a thing in law as a claim of retaliatory sale of real property.

4

the realtor who was the seller's agent.

_____
JAMES ROBERTSON
United States District Judge

DATE: August 3, 2005