## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEBORAH A. REDMAN,         )
                              )
        Plaintiff,        )
                              )
        v.             )      Civil Action No. 04-661 (JR)
                              )
PHILIP A. GRAHAM, et al.,     )
                              )
        Defendants.     )

## <u>MEMORANDUM OPINION</u>

Deborah Redman brought this action *pro se* against her former landlords, the law firm that represented one of the landlords in an eviction proceeding against her, and the realtor involved in the sale of her residence by one landlord to the other.  Ms. Redman's amended complaint asserts claims under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, the District of Columbia Human Rights Act, and the District of Columbia Rental Housing Act.  On August 3, 2005, I dismissed Ms. Redman's claims against Schuman and Felts, Chartered (the law firm) and  Long & Foster Real Estate, Inc., and Lewis Bashoor (the realty firm and the agent involved directly involved in the sale) as *res judicata*.  Ms. Redman has moved for clarification of that order.  In addition, defendant Philip A. Graham (plaintiff's former landlord) has moved to dismiss.

### *Background*

Ms. Redman resided at 40 G Street, SW, Washington, DC, from 1996 until September 2002.  Amended Complaint ("Am. Compl."), ¶3.[1]  Defendant Philip A. Graham was her landlord

---

[1] The allegations of the amended complaint are taken as true for purposes of this motion.

until August 8, 2002, *id.*, ¶4, when defendant Dr. Raymond J. Pitts, Jr., purchased the property, *id.*, ¶5.  Long & Foster was the seller's agent in the transaction, *id.*, ¶6;  Schuman and Felts were the seller's attorneys, *id.*, ¶7.

During the period when Mr. Graham was showing the property to prospective buyers, he filed a complaint against Ms. Redman in the Superior Court of the District of Columbia seeking to enjoin her from preventing his reasonable access to the premises. Deft Graham's Mtn to Dismiss, Exhibit 1.  The court ruled that Mr. Graham's complaint was moot because in the interim the property had been sold, *id.,* p. 2, but it granted summary judgment to Mr. Graham on Ms. Redman's counterclaims of breach of quiet enjoyment, abuse of process/malicious prosecution and retaliation.  *Id.*, pp. 4, 5, 8, 9.

After completing his purchase of Ms. Redman's residence, Dr. Pitts sued in Superior Court for the District of Columbia for personal use and occupancy .  Defts Long & Foster, Bashoor's Mtn to Dismiss, Exhibit A, p. 6.  On September 2, 2002, the court granted possession to Dr. Pitts.  *Id.*, p. 4.  Ms. Redman's numerous appeals from that ruling were unsuccessful.  *Id.*

On October 15, 2002, Ms. Redman filed tenant petitions with the District of Columbia Department of Consumer Affairs, Office of the Rental Administrator, Rental Accommodations and Conversion Division ("RACD"),  *id.*, p. 1, naming as respondents Mr. Graham (the seller), Dr. Pitts (the buyer), and  Long & Foster and Bashoor (the realtors).  *Id.*  In that proceeding, Ms. Redman alleged that the sale to Dr. Pitts was for the specific purpose of achieving her eviction and was "retaliatory," *id.*, p. 2, and that Long & Foster acted in collusion with the seller and the buyer, *id.*

The hearing examiner ruled that Ms. Redman's retaliation and illegal eviction claims

could have been but were not pleaded by Ms. Redman in the Superior Court case and were accordingly  precluded by the doctrine of *res judicata*, *id.*, p. 5.  Ms. Redman withdrew her appeal of this ruling.   Pl's Opp to Deft Long & Foster & Bashoor's Mtn to Dismiss, p. 2.

In the present action, Ms. Redman alleges that she is severely disabled and relies on an electric scooter for mobility,  Am. Compl.,¶12; that the defendant landlords failed to cure substantial housing code violations that she had brought to their attention, *id.*, ¶13; that the landlords admitted the violations, many of which were life-threatening to a person of plaintiff's limited mobility, *id.*, ¶ 23; that, in retaliation for her complaints,  the defendants filed complaints against her with the D.C. Rent Administration and sought repeatedly to evict her illegally, *id.*, ¶13; that, by bringing groundless suits against her, Mr. Graham (landlord #1) and Schuman and Felts (the law firm) engaged in malicious prosecution, *id.*, ¶¶27, 28; that, even though she obtained stays of eviction process, the defendants repeatedly filed suits in the D.C. courts that were intended to intimidate, threaten and coerce her, *id.*, ¶44; and that defendants discriminated against her because of her disability, *id.*, ¶42.

### Standard of Review

On a motion to dismiss, I  must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997).  " [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not

the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Discussion

The doctrine of *res judicata* operates as a bar to relitigation of a cause of action that has been reduced to final judgment on the merits in a prior suit involving the same parties or their privies. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946-47 (D.C. Cir. 1983). The doctrine bars relitigation, not only of matters that were determined in the previous litigation, but also issues that could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Appalachian Power Co. v. EPA*, 251 F3d 1026, 1033 (D.C. Cir. 2001). *Res judicata* is the basis of the rule that a tenant who fails to assert a legal defense in a landlord-tenant proceeding may not raise it in a subsequent proceeding that involves her eviction. *Shin v. Portals Confederation Corp.*, 728 A.2d 615, 619 (D.C. 1999).

All of the claims in this case involve Ms. Redman's eviction. She has pleaded the same facts and named the same parties here as in her D.C. Superior Court case and her proceeding before the RACD. She did not raise her discrimination and Fair Housing Act claims as defenses in Dr. Pitts' suit for possession, but she could have. *See, e.g., Barton v. District of Columbia*, 817 A.2d 834, 841 (D.C. 2003); *Flynn v. 390 Watson Place, Inc.*, 63 F.Supp. 2d 18, 23 (D.D.C. 1998). We have found no court decisions holding that Ms. Redman's claim of retaliation could have been interposed as a defense in the possession suit,[2] but Ms. Redman laid that claim before

---

[2] It is assumed for the sake of argument that there is such a thing in law as a claim of retaliatory sale of real property.

the hearing examiner and did not pursue an appeal from his decision that it was barred by the doctrine of *res judicata*.   Morever, plaintiff asserted retaliation as a counterclaim in defense of Graham's suit against her, and that counterclaim was unsuccessful.  Plaintiff may not relitigate her claims here.

In my earlier order, I found that Ms. Redman's claims against Schuman and Felts, Long and Foster and Bashoor were precluded by the doctrine of *res judicata*.  On her motion for clarification, Ms. Redman points out, correctly, that Schuman and Felts, Graham's counsel, was not a party to the prior proceedings.  The result will be the same, however: plaintiff has not stated an otherwise viable cause of action against the law firm that represented the seller and the realtor who was the seller's agent.  An attorney is not liable to third parties for filing a cause of action on a client's behalf. *Conservative Club of Washington v. Finkelstein*, 738 F.Supp. 6, 10 (D.D.C. 1990); *Morowitz v. Marvel*, 423 A.2d 196, 200 (D.C. 1980).  Schuman and Felts will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Graham will be dismissed based on the doctrine of *res judicata*.[3]

_____
JAMES ROBERTSON
United States District Judge

DATE: November 1, 2005

---

[3]  Defendant Pitts was served on June 13, 2005, but has not answered.  The ruling on the instant motion would appear dispositive of plaintiff's claims against Dr. Pitts as well. Accordingly, unless plaintiff takes some action to advance her claims against Dr. Pitts within 30 days, those claims will be dismissed for want of prosecution.