**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEBORAH A. REDMAN,                    :
                                      :
      Plaintiff,                :
                                      :
   v.                              : Civil Action No. 03-0273 (JR)
                                      :
DISTRICT OF COLUMBIA,                 :
                                      :
      Defendant.                :
_____      :
DEBORAH A. REDMAN,                    :
                                      :
      Plaintiff,                :
                                      :
   v.                              : Civil Action No. 04-0661 (JR)
                                      :
PHILIP GRAHAM, *et al.*,              :
                                      :
      Defendants.               :

<u>**MEMORANDUM**</u>

      Deborah Redman is the plaintiff in these two cases, which have been pending for more than three years without any actual litigation having been accomplished.  She has filed identical motions in both cases -- "disabled plaintiff's motion[s] for accommodation" -- seeking the appointment of counsel, "limiting the length of hearing and trial times," "flexibility in discovery, etc."  These are two of what once were three suits Ms. Redman filed in this court, all of them connected in one way or another to her claim that, as a disabled person, she was systematically discriminated against by the D.C. Rent Administration, the D.C. Housing Commission, the Director of the

D.C. Department of Consumer and Regulatory Affairs (No. 03-1170, voluntarily dismissed without prejudice in September 2004); by the D.C. Superior Court, the D.C. Court of Appeals and the District of Columbia itself (No. 03-0273); and by her landlords, a real estate company, and a law firm (No. 04-0661).

Ms. Redman avers that she is permanently disabled, afflicted with serious, life threatening illnesses (never specified), and in need of accommodation, lest some member of the conspiracy that is arrayed against her kill her, just as "the courts in which the ongoing landlord-tenant matters are being decided are hostile and have killed other disabled litigants." She maintains that "failing to accommodate and dismissing her cases unquestionably puts the disabled Plaintiff's life in peril."

We have tried to accommodate Ms. Redman.  After a status conference held on May 13, 2004 in all three of her then-pending cases (03-0273, 03-1170, and 04-0661), counsel was appointed from the Civil Pro Bono Panel to represent her.  She fired that lawyer seven months later.  Then, in September 2005, she filed notice that she had been hospitalized and was unable to participate in litigation.  A trial setting of October 21, 2005 was taken off the Court's calendar.  In October 2005, I stayed all proceedings in 03-0273 pending the disposition of 04-0661 and ordered stricken Ms. Redman's "fourth notice of non-receipt of

court filings and great difficulty in following the matter."
Ms. Redman appealed from that order striking her notice.  The
appeal was dismissed (the Court of Appeals having denied
Ms. Redman's motions for appointment of counsel).  Ms. Redman
then filed a "notice of permanent inability to act as attorney."[1]

On November 1, 2005, [#43, #44] I dismissed plaintiff's
claims in 04-0661.  That judgment was reversed as to defendant
Shulman & Felts, but by then plaintiff had already filed a
"notice of plaintiff's inability to participate" [#54].  In light
of that filing, I issued a notice on February 9, 2007, staying
proceedings against Shulman & Felts "until such time as plaintiff
files a notice of readiness to proceed, or until September 16,
2007, whichever is sooner."  The notice provided that "if
plaintiff has not filed a notice by September 16, 2007, this case
will be dismissed without prejudice for failure to prosecute."
The day after that notice was issued, plaintiff filed her notice
of "plaintiff's permanent inability to act as attorney" [#57].
Most recently, on September 7, 2007, she filed her "motion for
accommodation," [#58].

Nothing remains of Ms. Redman's claims in 04-0661
except her claim of discrimination and retaliation against

---

[1]     This notice [#60] followed plaintiff's "notice of
illness and inability to represent herself" filed in April 2006
[#54] and her notice of "inability to participate because of
disability and continuing illness and hospitalizations" filed in
December 2006 [#59].

Shulman & Felts, which was allowed to remain by a majority of the Court of Appeals panel in order that Ms. Redman might have an opportunity to clarify her claim, even though, as Judge Kavanaugh noted (dissenting), she had "asserted no legal theory by which an attorney representing a client in eviction proceedings can be subjected to civil liability for discrimination under the Fair Housing Act . . . the District of Columbia Human Rights Act . . . or the District of Columbia Rental Housing Act."

The "accommodation" plaintiff apparently wants in 04-0661 is the appointment of counsel, but she has already had such an accommodation.  The Clerk was directed on May 14, 2004 to appoint counsel from the Civil Pro Bono Panel for Ms. Redman. James Miller, Esq., of King & Spaulding entered his appearance on June 28, 2004.  Six months later, Ms. Redman moved to discharge Mr. Miller because of "the slow pace at which counsel was proceeding," "with a pronounced communications gap," and "unbridgeable fundamental philosophical differences."

Neither Ms. Redman nor her doctor, who has filed a number of exceedingly vague statements to the effect that Ms. Redman is ill, has ever disclosed to the Court exactly what the nature of Ms. Redman's alleged disability is.  Disabilities related to vision, or hearing, or mobility, or limited attention span can be accommodated.  When a litigant gives notice that she is permanent disabled from participating in her own case,

however, no sensible solution presents itself except dismissal. The accompanying order will do so, without prejudice.

In 03-0273, Ms. Redman conceded on the record that, if she did not succeed in 04-0661, she would also not succeed in 03-0273. See "motion to try 04-cv-661 before 03-cv-273" [#48] filed October 3, 2005. A dismissal of 04-0661 thus virtually automatically requires the dismissal of 03-0273, also without prejudice. An appropriate order accompanies this memorandum.


                              JAMES ROBERTSON
                       United States District Judge